IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



JUSTIN ANDREW ARCHIE                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:13CV66 CWR-FKB

RANKIN COUNTY, MISSISSIPPI;
DEPUTY DAN WARREN, individually and in
his official capacity;
DEPUTY ANTHONY NETHERLAND,
individually and in his official capacity;
DEPUTY BRADLEY SMITH,
individually and in his official capacity;
DEPUTY MIKE MAGEE, individually and in
his official capacity
And JOHN DOES 1-10                                                                          DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW, Justin Andrew Archie (hereinafter "Plaintiff"), by and through his attorneys, and files this, his Complaint against Rankin County, Mississippi, Deputy Dan Warren, individually and in his official capacity, Deputy Anthony Netherland, individually and in his official capacity, Deputy Bradley Smith, individually and in his official capacity, Deputy Mike Magee, individually and in his official capacity and John Does 1-10 (hereinafter collectively referred to as "Defendants").

In support hereof, Plaintiff would show unto the Court the following:

### I. INTRODUCTION

1.      This action is brought under 42 U.S.C.A. § 1983 for violations of Plaintiff's Fourth and Fourteenth Amendment rights and for state law claims of civil assault and battery and intentional and negligent infliction of emotional distress by persons acting under color of state law.

1

## II. JURISDICTION AND VENUE

2.     This Court has jurisdiction of the parties and of the subject matter in this action. 28 U.S.C.A. § 1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391.

## III. PARTIES

4.     Plaintiff, Justin Andrew Archie, is an adult resident citizen of Rankin County, Mississippi. Plaintiff is presently in the custody of the Mississippi Department of Corrections, identified as Inmate #178378 and housed at the Walnut Grove Youth Correctional Facility in Walnut Grove, Mississippi.

5.     Defendant, Rankin County, Mississippi, is a municipal entity, organized and existing under the laws of the State of Mississippi. Defendant Rankin County may be served with process of this Court by service upon the Rankin County Board of Supervisors in care of Mr. George Bobo, County Administrator at 211 East Government Street Suite A, Brandon, Mississippi 39042. Defendant Rankin County is charged with the duty to supervise, manage and control its Sheriff's Department to prevent the violation of the civil rights of its citizens.

6.     Defendant, Deputy Sheriff Dan Warren ("Defendant Warren") was a law enforcement officer employed by Defendant, Rankin County. At all times material hereto, Defendant Warren was acting within the scope of his employment and under color of state law. Defendant Warren is an adult resident citizen of Rankin County, Mississippi, who may be served with process of this Court pursuant to Fed.R.Civ.P. 4(e).

7.     Defendant, Deputy Sheriff Anthony Netherland ("Defendant Netherland") is a law enforcement officer employed by Defendant, Rankin County. At all times material hereto, Defendant Netherland was acting within the scope of his employment and under color of state law. Defendant Netherland is an adult resident citizen of Rankin County, Mississippi, who may be served with process of this Court pursuant to Fed.R.Civ.P. 4(e).

8. Defendant, Deputy Sheriff Bradley Smith ("Defendant Smith") is a law enforcement officer employed by Defendant, Rankin County. At all times material hereto, Defendant Smith was acting within the scope of his employment and under color of state law. Defendant Smith is an adult resident citizen of Rankin County, Mississippi, who may be served with process of this Court pursuant to Fed.R.Civ.P. 4(e).

9. Defendant, Deputy Sheriff Mike Magee ("Defendant Magee") is a law enforcement officer employed by Defendant, Rankin County. At all times material hereto, Defendant Magee was acting within the scope of his employment and under color of state law. Defendant Magee is an adult resident citizen of Rankin County, Mississippi, who may be served with process of this Court pursuant to Fed.R.Civ.P. 4(e).

10. Defendant, John Does 1-10 are individuals and/or entities whose identities are presently unknown to Plaintiff, but who are believed to have been acting under color of state law at times relevant to this action, and whose actions and/or inactions were in violation of plaintiff's rights and whose actions or actions resulted in injuries and damages to Plaintiff as alleged herein.

### IV. FACTS

11. On or about October 28, 2011, at approximately 10:00 p.m., Plaintiff was on the premises of the Shell convenience store located on Holly Bush Road in Rankin County, Mississippi. Plaintiff approached a female customer and attempted to rob her of money. The female customer began to scream, attracting the attention of other customers of the Shell store. The attempted robbery was thwarted, and Plaintiff ran from the Shell station.

12. The Rankin County Sheriff's Department was alerted to the incident, and several officers, including Defendants Warren, Netherland, Smith and Magee (collectively "Defendant Officers"), responded to the 911 call.

13. As Rankin County Deputies were interviewing witnesses at the Shell station, an unidentified customer spotted Plaintiff walking down Holly Bush Road away from the Shell station, and a brief chase ensued.

14. Defendant Warren, driving a Rankin County Animal Control vehicle, pursued Plaintiff onto the premises of the Central Electric Power Company.

15. Although Plaintiff was trapped on the premises of the Central Electric Power Company and his capture was imminent, Defendant Warren struck Plaintiff with his service vehicle, knocking him to the ground.

16. Once Plaintiff was on the ground, Defendants Netherland and Smith apprehended Plaintiff, handcuffing him with his arms behind his back. Plaintiff, still dazed from the blow from Defendant Warren's official vehicle, did not resist arrest. Plaintiff was left lying on the ground with his arms cuffed behind his back. Plaintiff was not a threat to any of the arresting officers nor was there any risk that Plaintiff would flee in an attempt to evade capture.

17. As Plaintiff lay on the ground, subdued and defenseless, Defendant Warren commenced to brutally beat Plaintiff.

18. Defendant Warren struck Plaintiff repeatedly in the head and face with his fists, while screaming obscenities and racially derogatory remarks at Plaintiff.

19. Defendant Warren stomped on Plaintiff's head and kicked him in the face and in the groin area multiple times. Defendants Netherland, Smith and Magee stood tacitly by, making no attempt whatsoever to stop the attack by Defendant Warren.

20. As the beating went on, a crowd of civilians gathered. Defendant Warren called for someone to retrieve a slap jack from the Animal Control vehicle. As Plaintiff lay helpless on the ground, bleeding and barely conscious, Defendant Warren struck Plaintiff multiple times with the slap jack and allowed a civilian who was also present on the scene to strike Plaintiff with the slap jack.

21. Defendants Netherland, Bradley and Magee were present on the scene during the entire beating, but took no actions whatsoever to stop Defendant Warren from brutally assaulting Plaintiff.

22. After Defendant Warren grew tired, Defendants Netherland, Bradley and Magee picked Plaintiff up off of the ground and held him by his arms. As Plaintiff was held by Defendants, grievously injured and barely conscious, Defendant Warren kicked Plaintiff in the mouth, breaking Plaintiff's front teeth and jaw.

23. Plaintiff suffered severe and permanent injuries as a result of the beating which he endured at the hands of Defendant Officers. Plaintiff suffered deep lascerations to the right side of his head, his left ear and mouth. Plaintiff's eyes were badly beaten, and blood vessels in his right eye were ruptured. Plaintiff's jaw and front teeth were broken as a result of being punched and kicked in the face by Deputy Warren.

24. Further, Plaintiff sustained grievous internal injuries as a result of being kicked in the torso and groin area by Defendant Warren. For several days following the assault, Plaintiff was unable to control his bladder and passed blood in his urine.

25. One year following this brutal assault, Plaintiff still suffers from injuries sustained at the hands of Defendant Officers. Plaintiff has visible scars from the lascerations on his head, his front teeth are broken, his jaw catches and pops which causes him to experience frequent, severe headaches. Plaintiff's ears ring constantly, often times to the point where he cannot hear others who are speaking to him. Plaintiff continues to suffer pain in his neck, shoulders and back.

26. The vicious beating which Plaintiff endured at the hands of Defendant Officers commenced after Plaintiff had been apprehended and was lying on the ground with his hands cuffed behind his back. Plaintiff was utterly defenseless against his attackers.

27. After the brutal beating was over, Defendants wrongfully failed to assure that Plaintiff received appropriate medical treatment, Defendant Officers brought Plaintiff to the Rankin County jail, where Plaintiff was placed in a detention cell. Plaintiff remained in the police station's detention cell for several days, drifting in and out of consciousness.

28. The Defendants' actions violated Plaintiff's right to be free from state-occasioned damage to his bodily integrity which are protected by the Fourth and Fourteenth Amendment's guarantees of due process

and equal protection. Further, Defendants' actions constitute civil assault and battery and were intended to inflict grave emotional distress to Plaintiff, all for which Defendants must be held liable.

## V. CAUSES OF ACTION

### COUNT 1
### VIOLATION OF FOURTH AMENDMENT PROTECTION AGAINST EXCESSIVE FORCE

29. Plaintiff re-alleges the allegations of Paragraphs 1-28 of this Complaint as if fully set forth herein.

30. It is well settled that if law enforcement officers use excessive force in making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated.

31. At all times material to this action, Defendant Officers had a duty under the Fourth Amendment to the Constitution of the United States to refrain from the use of excessive force in taking Plaintiff into custody.

32. Despite the fact that the Defendant Officers had pursued Plaintiff onto the premises of the Central Electric Power Company, and his capture was imminent, Defendant Warren struck Plaintiff with his vehicle, knocking him to the ground.

33. Once Plaintiff was on the ground, Defendants Netherland, Smith and Magee apprehended Plaintiff, handcuffing him with his arms behind his back. Plaintiff, still dazed from the blow from Defendant Warren's official vehicle, did not resist arrest. Plaintiff was left lying on the ground with his arms cuffed behind his back. At this point, Plaintiff lay on the ground, subdued and defenseless.

34. Despite the fact that Plaintiff was lying on the ground, subdued, defenseless, not posing an immediate threat to the safety of officers or others in the area and not attempting to evade arrest by flight, Defendant Warren began to brutally beat Plaintiff. While Defendants Netherland, Smith and Magee looked on, Defendant Warren repeatedly struck Plaintiff with his fists in the head and face, kicked Plaintiff in the head and groin, struck Plaintiff with a slap jack, allowed a civilian bystander to join in the beating by striking Plaintiff with a slap jack. Plaintiff was then picked up off the ground, and unable to stand on his own due to

the brutal beating he had just endured, Plaintiff was held by Defendants Netherland, Smith and Magee, and Defendant Warren kicked Plaintiff in the teeth.

35. After brutally beating Plaintiff and causing him to sustain severe and permanent injury, Defendant Officers took Plaintiff to the Rankin County jail where Plaintiff was placed in a detention cell. Plaintiff remained in the detention cell for an extended period of time, drifting in and out of consciousness, unable to control his bladder and passing blood in his urine from the repeated trauma to his groin area.

36. Defendant Rankin County failed to adequately train Defendant Officers in proper arrest and detention procedures so as to insure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force under the Fourth Amendment to the Constitution of the United States.

37. Defendant Rankin County failed to adequately supervise Defendant Officers in order to insure that Defendant Officers did not violate the rights of a citizen by using excessive force when apprehending citizens.

38. As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendants, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which shall be proven at trial.

### COUNT 2
### VIOLATION OF FOURTH AMENDMENT - RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

39. Plaintiff here re-alleges the allegations of Paragraphs 1-38 of this Complaint as if fully set forth herein.

40. The failure of Defendant Officers to assure that Plaintiff received medical evaluation and treatment prior to being placed in a detention cell was in further violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States to be free from reckless indifference to his serious medical needs.

41. Defendant Rankin County failed to adequately train Defendant Officers in proper arrest and detention procedures so as to insure that Defendant Officers did not violate the rights of a citizen to be free reckless indifference to Plaintiff's serious medical needs.

42. Defendant Rankin County further failed to adequately supervise Defendant Officers in order to insure that Defendant Officers did not violate the rights of a citizen when being apprehended and to insure that apprehended citizens received adequate medical attention when needed.

43. As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendants, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which shall be proven at trial.

## COUNT 3
### VIOLATION OF FOURTEENTH AMENDMENT GUARANTEE OF DUE PROCESS

44. Plaintiff here re-alleges the allegations of Paragraphs 1-43 of this Complaint as if fully set forth herein.

45. The law is well settled that the right to be free from state-occasioned damage to a person's body is protected by the Fourteenth Amendment's due process guarantees.

46. At all times material to this action, Defendant Officers had a duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive force in taking Plaintiff into custody.

47. Despite the fact that the Defendant Officers had pursued Plaintiff onto the premises of the Central Electric Power Company and Plaintiff's capture was imminent, Defendant Warren struck Plaintiff with his service vehicle, knocking him to the ground.

48. Once Plaintiff was on the ground, Defendants Officers apprehended Plaintiff, handcuffing him with his arms behind his back. Plaintiff, still dazed from the blow from Defendant Warren's official vehicle, did

not resist arrest. Plaintiff was left lying on the ground with his arms cuffed behind his back. At this point, Plaintiff lay on the ground, subdued and defenseless.

49.     Despite the fact that Plaintiff was lying on the ground, subdued, defenseless, not posing an immediate threat to the safety of officers or others in the area and not attempting to evade arrest by flight, Defendant Warren began to brutally beat Plaintiff. While Defendants Netherland, Smith and Magee looked on, Defendant Warren repeatedly struck Plaintiff with his fists in the head and face, kicked Plaintiff in the head and groin, struck Plaintiff with a slap jack, allowed a civilian bystander to join in the beating by striking Plaintiff with a slap jack. Plaintiff was then picked up off the ground, and unable to stand on his own, was held by Defendants Netherland, Smith and Magee, and Defendant Warren kicked Plaintiff in the teeth.

50.     One's right to be free from unlawful assault by a law enforcement officer when lawfully in custody is a definite and specific due process right which is protected by the Fourteenth Amendment of the United States Constitution.

51.     Defendant Officers violated Plaintiff's constitutionally protected due process rights when they used excessive force in arresting Plaintiff.

52.     Defendant Rankin County failed to adequately train Defendant Officers in proper arrest and detention procedures so as to insure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force under the Fourteenth Amendment to the Constitution of the United States, and failed to adequately supervise Defendant Officers in order to insure that Defendant Officers did not violate the rights of a citizen by using excessive force when apprehending citizens.

53.     As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendants, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which shall be proven at trial.

## COUNT 4
## MONETARY CLAIM AGANST DEFENDANT RANKIN COUNTY

54. Plaintiff here re-alleges the allegations of Paragraphs 1-53 of this Complaint as if fully set forth herein.

55. Defendant Rankin County is a municipal entity organized and existing under the laws of the State of Mississippi which operates, administers, maintains and controls the Rankin County Sheriff's Department as one of its executive branches.

56. Defendant Rankin County has established policies and procedures for its Sheriff's Department regarding the use of force in apprehending and detaining suspects, and regarding the provision of medical service to detainees and prisoners.

57. In establishing these procedures, Defendant Rankin County had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that detainees or prisoners would be subjected to the use of excessive force by County's Sheriff's Department deputies, or policies and procedures which created a substantial likelihood that the serious medical needs of detainees or prisoners would go untreated or would be treated with reckless indifference by its agents, servants and employees employed by County's Sheriff's Department.

58. Notwithstanding its duties, Defendant Rankin County was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiff's Constitutional rights, in that it:

    A. Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff,

    B. Had a custom and practice of failing to independently and adequately investigate complaints of excessive force,

    C. Had a custom and practice of failing to effectively discipline or retrain officers who wrongfully utilized excessive force,

   D. Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in apprehending and detaining suspects,

   E. Allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of County's agents, servants and employees in its Sheriff's Department to their serious medical needs.

59. As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act of Defendant Rankin County, the Plaintiff sustained violations of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which will be proven at trial.

## COUNT 5
## STATE LAW CLAIM FOR COMMON LAW ASSAULT AND BATTERY

60. Plaintiff re-alleges the allegations of Paragraphs 1-59 of this Complaint as if fully set forth herein.

61. At all times material, Defendant Officers were on duty as uniformed Rankin County Deputy Sheriffs and were acting in the scope of their employment by Defendant Rankin County as Deputy Sheriffs for Rankin County, Mississippi.

62. Defendant Officers, individually and as agents, servants, and employees of Defendant Rankin County, had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

63. Said acts of Defendant Officers were done without cause or provocation by Plaintiff, and with intent to cause grave bodily injury to Plaintiff. Defendant Officers acts as described herein constitute assault and battery under the common law of Mississippi, for which each of them are civilly liable.

64. As a direct and proximate result of Defendant Officers' acts as described herein, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation and other

injuries and damages which will be proven at trial, all for which Defendant Officers should be held civilly liable.

### COUNT 6
### GROSS NEGLIGENCE AND/OR INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff re-alleges the allegations of Paragraphs 1-64 of this Complaint as if fully set forth.

66. At all times material, Defendant Officers, individually and as agents, servants, and employees of Defendant Rankin County, had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

67. In breach of their duties to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct, Defendant Officers individually and as agents, servants and employees of Defendant Rankin County, were guilty of one or more of the following grossly negligent and/or willful and wanton acts or omissions to act, in that Defendants:

    A. Willfully and wantonly or with gross negligence struck Plaintiff with a vehicle, although Defendants knew or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

    B. Willfully and wantonly or with gross negligence struck and kicked Plaintiff in the head, face and groin although Defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

    C. Willfully and wantonly or with gross negligence stomped Plaintiff's head although Defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

  D. Willfully and wantonly or with gross negligence picked Plaintiff up and allowed Defendant Warren to kick Plaintiff in the mouth although Defendant Officer knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff;

  E. Willfully and wantonly or with gross negligence used other excessive force in order to cause Plaintiff injury although Defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff; and

  F. Willfully and wantonly or with gross negligence or recklessly placed Plaintiff in a detention cell first without having Plaintiff examined and treated by a physician for the severe injuries sustained by Plaintiff as a result of the beating, although Defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Plaintiff.

68. As a direct and proximate result of one or more of Defendants' wrongful acts or omissions to act, Plaintiff sustained severe and permanent injury to Plaintiff's person, pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

  WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, for their wrongful violations of Plaintiff's Fourth and Fourteenth Amendments to the Constitution of the United States, in the amount of Two million and No/100 ($2,000,000.00) Dollars as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus attorney fees and costs, as provided in 42 U.S.C.A. § 1988.

                Respectfully submitted,

                JUSTIN ANDREW ARCHIE,
                PLAINTIFF

                By: _____
                Bonnie Bridgers Smith, MSB 9943
                Attorney for Plaintiff

OF COUNSEL:

**BRIDGERS·SMITH PLLC**
4500 I-55 North
Suite 245
Jackson, Mississippi  39211
P.O. Box 14244
Jackson, Mississippi  39236
Tel:  601-398-2647
Fax:  601-398-2653
bonnie@bridgerslaw.net