IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JUSTIN ANDREW ARCHIE**                                                                         **PLAINTIFF**

vs.                                                                     CAUSE NO. 3:13cv66-CWR-FKB

**RANKIN COUNTY, MISSISSIPPI;**
**DEPUTY DAN WARREN,** individually and in
his official capacity;
**DEPUTY ANTHONY NETHERLAND,**
individually and in his official capacity;
**DEPUTY BRADLEY SMITH,**
individually and in his official capacity;
**DEPUTY MIKE MAGEE,** individually and in
his official capacity;
And **JOHN DOES 1-10**                                                                         **DEFENDANTS**

---

**ANSWER AND DEFENSES OF DEFENDANT BRADLEY SMITH**

---

**NOW COMES** Defendant, Bradley Smith, by and through counsel, and files this, his Answer and Defenses to Plaintiff's Complaint filed in the above styled and numbered cause, as follows:

**FIFTH AMENDMENT INVOKED**

The Defendant has reasonable grounds to believe that the Federal Bureau of Investigation is conducting a criminal or quasi-criminal investigation into matters connected to the allegations contained in the complaint herein; the Defendant, therefore, invokes his right against self-incrimination as guaranteed him by the Fifth Amendment to the United States Constitution. Being placed in the untenable position of having to answer the civil complaint filed herein in order to prevent default being entered against him however, and without waiving his right against self-incrimination, the Defendant, Bradley Smith, defends and gives limited answers as follows, to wit:

1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant specifically asserts and invokes all defenses available to it as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in its favor.

### SECOND DEFENSE

This Defendant affirmatively asserts and invokes all substantive and procedural defenses available to it for which a good faith legal and/or factual basis exists or may exist in its favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq*., specifically including MISS. CODE ANN. §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to Plaintiff's state law claims, if any. In addition, Plaintiff failed to give the Defendant prior written notice of his state law claims prior to filing his complaint, as required by state law, and thus, all of the Plaintiff's state law claims must be dismissed as to this Defendant. To the extent that Plaintiff's Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against this Defendant, the Defendant moves this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

### THIRD DEFENSE

As a duly sworn law enforcement officer engaged in the execution of discretionary functions, Defendant Bradley Smith possesses qualified immunity herein from suit and/or liability and/or damages.

### FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

This Defendant did not breach any duty owed to Plaintiff, nor did he violate any right or privilege of Plaintiff, and is, therefore, not liable in damages.

### SIXTH DEFENSE

This Defendant, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and this Defendant is not guilty of tortious conduct or omission. The actions taken by this Defendant, if any, were taken in good faith and in good faith reliance upon then existing law.

### SEVENTH DEFENSE

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation as against this Defendant and such matters are improperly before this Court.

### EIGHTH DEFENSE

This Defendant committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and is, therefore, not liable in damages.

### NINTH DEFENSE

As a matter of law, the Plaintiff is not entitled to any relief from this Defendant.

### TENTH DEFENSE

This Defendant hereby specifically pleads that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff is guilty of either contributory negligence or affirmative conduct in connection with the events about which he complains. To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if

3

any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

## ELEVENTH DEFENSE

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which this Defendant is neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to this Defendant.

## TWELFTH DEFENSE

NOW COMES Defendant Bradley Smith, by and through counsel, and states that unless specifically admitted herein, this Defendant denies any and all allegations of the Complaint.

## THIRTEENTH DEFENSE

The Defendant did not violate any clearly established statutory or constitutional right of the Plaintiff.

## FOURTEENTH DEFENSE

The Defendant did not use excessive force upon the Plaintiff.

## FIFTEENTH DEFENSE

The Defendant cannot be held liable based upon the conduct of others, and should be examined based only upon his own conduct, acts or omissions.

## SIXTEENTH DEFENSE

This Defendant did not have a reasonable opportunity under the circumstances and conditions present to realize the excessive nature, if any, of force being applied by other officers and to

intervene to stop it.

### SEVENTEENTH DEFENSE

The Plaintiff's state law claims have not been brought within the time frame allowed under the applicable statutes of limitation.

For answers to the allegations of the Complaint, this Defendant, through legal counsel, states:

### I. INTRODUCTION

1) The allegations of ¶ 1 to Plaintiff's Complaint are denied.

### II. JURISDICTION AND VENUE

2) In response to ¶ 2 of Plaintiff's Complaint, this Defendant admits that federal question jurisdiction exists herein.

3) In response to ¶ 3 of Plaintiff's Complaint, this Defendant admits that venue is proper with the USDC for the Southern District of Mississippi, Jackson Division.

### III. PARTIES

4) In response to ¶ 4 of Plaintiff's Complaint, this Defendant admits that Plaintiff is presently in the custody of the Mississippi Department of Corrections.

5) Paragraph no. 5 does not make an allegation against this Defendant.

6) Paragraph no. 6 of the complaint does not make an allegation concerning this Defendant.

7) Paragraph no. 7. of the complaint does not make an allegation concerning this Defendant.

8) Paragraph no. 8 of Plaintiff's Complaint, is admitted.

9) Paragraph no. 9. of the complaint does not make an allegation concerning this Defendant.

10) As the Plaintiff has not identified the unknown Defendants, this Defendant is without specific information and/or belief to admit or deny their whereabouts, and accordingly denies the allegations in ¶ 10 of Plaintiff's Complaint. Except where otherwise specifically admitted herein, the allegations in ¶ 10 of Plaintiff's Complaint are denied.

### IV. FACTS

11) In response to ¶ 11 of Plaintiff's Complaint, this Defendant admits that Plaintiff was booked in at the Rankin County Jail on October 29, 2011, and charged with kidnapping, armed robbery and carrying a concealed weapon. This Defendant further admits that Plaintiff pleaded guilty to kidnapping and armed robbery, and was sentence to twenty (20) years to serve in the custody of the Mississippi Department of Corrections.. This Defendant further admits that according to the charges, Plaintiff robbed and kidnapped a female patron at a Shell station on Hollybush Road on October 28, 2011, and that the felonious Plaintiff did then and there flee from the Shell station. Except where otherwise specifically admitted herein, the allegations in ¶ 11 of Plaintiff's Complaint are denied.

12) In response to ¶ 12 of Plaintiff's Complaint, this Defendant admits that this Defendant was dispatched to investigate the complaint of kidnapping and armed robbery against the Plaintiff.  Except where otherwise specifically admitted herein, the allegations in ¶ 12 of Plaintiff's Complaint are denied.

13) In response to ¶ 13 of Plaintiff's Complaint, this Defendant admits that the Plaintiff, while armed and dangerous, did flee from the Rankin County deputies immediately after he had

committed numerous felony offenses. Except where otherwise specifically admitted herein, the allegations in ¶ 13 of Plaintiff's Complaint are denied.

14) In response to ¶ 14 of Plaintiff's Complaint, this Defendant admits that Warren pursued Plaintiff. Except where otherwise specifically admitted herein, the allegations in ¶ 14 of Plaintiff's Complaint are denied.

15) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 15 of Plaintiff's Complaint, and accordingly denies said allegations..

16) In response to ¶ 16 of Plaintiff's Complaint, this Defendant admits that Plaintiff was handcuffed at some time during his arrest. Except where otherwise specifically admitted herein, the allegations in ¶ 16 of Plaintiff's Complaint are denied.

17) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 17 of Plaintiff's Complaint, and accordingly denies said allegations.

18) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 18 of Plaintiff's Complaint, and accordingly denies said allegations.

19) Denied.  This Defendant did not have a reasonable opportunity under the circumstances and conditions present to realize the excessive nature, if any, of force being applied by any other officer upon the Plaintiff and to intervene to stop it.

20) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 20 of Plaintiff's Complaint, and accordingly denies said allegations.

21) Denied as stated.  While it is admitted that this Defendant was present in the general vicinity, this Defendant did not have a reasonable opportunity under the

circumstances and conditions present to realize the excessive nature, if any, of force being applied by any other officer upon the Plaintiff and to intervene to stop it.

22) The allegations of paragraph 22. of the Complaint are Denied.

23) The allegations of ¶ 23 of Plaintiff's Complaint are denied.

24) The allegations of ¶ 24 of Plaintiff's Complaint are denied.

25) The allegations of ¶ 25 of Plaintiff's Complaint are denied.

26) The allegations of ¶ 26 of Plaintiff's Complaint are denied.

27) The allegations of ¶ 27 of Plaintiff's Complaint are denied.

28) The allegations of ¶ 28 of Plaintiff's Complaint are denied.

## V. CAUSES OF ACTION

### COUNT 1

**VIOLATION OF FOURTH AMENDMENT PROTECTION AGAINST EXCESSIVE FORCE**

29) In response to ¶ 29 of the Plaintiff's Complaint, Defendant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-28 *supra*.

30) As there are no factual allegations against this Defendant in ¶ 30 to Plaintiff's Complaint, this Defendant is not required to admit or deny same. To the extent that there are any allegations against this Defendant in ¶ 30, same are denied.

31) As there are no factual allegations against this Defendant in ¶ 31 to Plaintiff's Complaint, this Defendant is not required to admit or deny same. To the extent that there are any allegations against this Defendant in ¶ 31, same are denied.

32) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 32 of Plaintiff's Complaint, and accordingly denies said allegations.

33) This Defendant has insufficient information to admit or deny that the Plaintiff was dazed from being knocked down by Defendant Warren's vehicle; therefore, the allegations herein are denied. The Plaintiff was armed and dangerous. It is admitted that he was handcuffed upon being apprehended.

34) The allegations in ¶ 34 of the Plaintiff's Complaint are denied.

35) The allegations of ¶ 35 of Plaintiff's Complaint are denied.

36) The allegations of ¶ 36 of Plaintiff's Complaint are denied.

37) The allegations of ¶ 37 of Plaintiff's Complaint are denied.

38) The allegations of ¶ 38 of Plaintiff's Complaint are denied.

## COUNT 2

**VIOLATION OF FOURTH AMENDMENT – RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS**

39) In response to ¶ 39 of the Plaintiff's Complaint, Defendant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-38 *supra*.

40) The allegations in ¶ 40 of Plaintiff's Complaint are denied.

41) The allegations of ¶ 41 of Plaintiff's Complaint are denied.

42) The allegations of ¶ 42 of Plaintiff's Complaint are denied.

43) The allegations of ¶ 43 of Plaintiff's Complaint are denied.

## COUNT 3

**VIOLATION OF FOURTEENTH AMENDMENT GUARANTEE OF DUE PROCESS**

44) In response to ¶ 44 of the Plaintiff's Complaint, Defendant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-43 *supra*.

45) As there are no factual allegations against this Defendant in ¶ 45 to Plaintiff's Complaint, this Defendant is not required to admit or deny same. To the extent that there are any allegations against this Defendant in ¶ 45, same are denied.

46) As there are no factual allegations against this Defendant in ¶ 46 to Plaintiff's Complaint, this Defendant is not required to admit or deny same. To the extent that there are any allegations against this Defendant in ¶ 46, same are denied.

47) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 47 of Plaintiff's Complaint, and accordingly denies said allegations.

48) This Defendant has insufficient information to admit or deny that the Plaintiff was dazed from being knocked down by Defendant Warren's vehicle; therefore the allegations herein are denied. The Plaintiff was armed and dangerous. It is admitted that he was handcuffed upon being apprehended.

49) The allegations of ¶ 49 of Plaintiff's Complaint are denied.

50) As there are no factual allegations against this Defendant in ¶ 50 to Plaintiff's Complaint, this Defendant is not required to admit or deny same. To the extent that there are any allegations against this Defendant in ¶ 50, same are denied.

51) The allegations of ¶ 51 of Plaintiff's Complaint are denied.

52) The allegations of ¶ 52 of Plaintiff's Complaint are denied.

53) The allegations of ¶ 53 of Plaintiff's Complaint are denied.

**COUNT 4**

**MONETARY CLAIM AGAINST DEFENDANT RANKIN COUNTY**

54) In response to ¶ 54 of the Plaintiff's Complaint, this Defendant re-alleges and

restates herein the admissions and/or denials in ¶¶ 1-53 *supra*.

Insofar as ¶s 55 through 59 of Plaintiff's Complaint make any allegation against this Defendant, such allegation(s) is denied.

### COUNT 5

### STATE LAW CLAIM FOR COMMON LAW ASSAULT AND BATTERY

60) In response to ¶ 60 of the Plaintiff's Complaint, Defendant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-59 *supra*.

61) This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 61 of Plaintiff's Complaint as such allegations pertain to other Defendants. It is admitted that this Defendant was acting within the scope of his employment as a deputy Sheriff of Rankin County Mississippi at all times material.

62) ¶ 62 of Plaintiff's Complaint makes no allegation of fact against this Defendant and thus no response is required; otherwise, unless specifically admitted herein, the allegations in ¶ 62 of Plaintiff's Complaint are denied.

63) The allegations of ¶ 63 of Plaintiff's Complaint are denied.

64) The allegations of ¶ 64 of Plaintiff's Complaint are denied.

### COUNT 6

### GROSS NEGLIGENCE AND/OR INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

65) In response to ¶ 65 of the Plaintiff's Complaint, Defendant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-64 *supra*.

66) ¶ 66 of Plaintiff's Complaint makes no allegation of fact against this Defendant and

thus no response is required; otherwise, unless specifically admitted herein, the allegations in ¶ 66 of Plaintiff's Complaint are denied.

67) The allegations of ¶ 67 of Plaintiff's Complaint, and each sub-part thereof, A. through F., are specifically denied.

68) The allegations of ¶ 68 of Plaintiff's Complaint are denied.

69) This Defendant denies any and all allegations in the last unnumbered paragraph of Plaintiff's Complaint, beginning with the phrase "WHEREFORE, Plaintiff demands . . . ." This Defendant specifically denies that Plaintiff is entitled to judgment against him, or that he is liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. This Defendant denies that Plaintiff is entitled to attorneys' fees, interest and costs and would affirmatively show that Plaintiff has no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiff's Complaint, and having denied any and all liability herein, Defendant, Bradley Smith, sets forth the following additional Affirmative Matters:

### EIGHTEENTH DEFENSE

This Defendant possesses immunity to Plaintiff herein and specifically asserts all rights, defenses, privileges, and immunities available to him under applicable state and federal law. This Defendant invokes and asserts all rights, privileges and immunities available to him as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive

federal or state common law.

## NINETEENTH DEFENSE

To the extent Plaintiff's Complaint, with amendments, if any, seeks any award or assessment of punitive damages against this Defendant, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines. Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law. Additionally, Plaintiff's claim for punitive damages of, from or against this Defendant is barred by MISS. CODE ANN. § 11-46-15, and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## TWENTIETH DEFENSE

Plaintiff has failed to comply with the requirements of the Mississippi Tort Reform Act and Mississippi Civil Justice Reform Act, as codified, and accordingly, this action must be dismissed.

### TWENTY-FIRST DEFENSE

This Defendant invokes and asserts all protections, defenses, limitations, caps and immunities set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified in the Mississippi Code.

### TWENTY-SECOND DEFENSE

This Defendant reserves the right to plead and hereby specifically asserts, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, comparative negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

### TWENTY-THIRD DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against this Defendant, pursuant to FED. R. CIV. P. 8, and accordingly, his claims should be dismissed.

### TWENTY-FOURTH DEFENSE

This Defendant affirmatively asserts and invokes all defenses and rights available unto him as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively states that he cannot be held liable herein for damages for the actions or omissions of any other party or non-party herein and is entitled to apportionment as provided by law.

### TWENTY-FIFTH DEFENSE

This Defendant hereby invokes and asserts all privileges and immunities afforded him under both federal and state constitutions, statutory law and common law.

### TWENTY-SIXTH DEFENSE

This Defendant was not appropriately and/or sufficiently served with process and the Complaint herein should be dismissed for insufficiency of process and/or insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(4) & (5).

### TWENTY-SEVENTH DEFENSE

This Defendant has no liability to the Plaintiff herein pursuant to 42 U.S.C. § 1988 as Plaintiff is not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983 as against this Defendant. Bradley Smith, however, is entitled to attorneys' fees herein, pursuant to 42 U.S.C. § 1988 or otherwise, as Plaintiff's claims against this Defendant are unreasonable, groundless and in bad faith. This Defendant, further, is entitled to these fees in order to deter harassing litigation such as that asserted by Plaintiff herein.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Bradley Smith requests that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 04th day of March, 2013.

**DEPUTY BRADLEY SMITH**

**DEFENDANT**

**BY:** */s/ James L. Kelly*

**JAMES L. KELLY, MSB No. 3557**

## CERTIFICATE OF SERVICE

I, James L. Kelly, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which is to send a true of and correct copy of the pleading to the following:

Bonnie Bridgers Smith, Esq. (bonnie@bridgerslaw.net)
BRIDGERS SMITH, PLLC
P. O. Box 14244
4500 I-55 North, Suite 245 (39211)
Jackson, MS 39236-4244
and
Jason E. Dare (MSB No. 100973) jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

and other counsel of record.

This, the ____ day of March, 2013.
*/s/ James L. Kelly*

**Kelly Law Office, P.C.**
**202 East Government Street**
**Brandon, MS 39042**
**Telephone: 601-825-6455**
**Facsimile: 601-825-6552**
**rmslawyer@gmail.com**